Robert C. Montgomery, Esq.
Robert C. Montgomery, Chtd.
2160 S. Twin Rapid Way
Boise, ID 83709
(208) 322-8865
(208) 322-8395 Fax
bmontgomerylaw@gmail.com
ISB # 1793

Attorney for Plaintiff

# UNITED STATES COURTS

# DISTRICT OF IDAHO

| | |
|---|---|
| Rod Kegley,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>Wells Fargo Bank, N.A., as trustee for the Registered Holders of Credit Suisse First Boston Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 2007-C5.<br><br>　　　　　　Defendant. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 ET. SEQ.**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW Rod Kegley ("Plaintiff"), by and through his attorney, Robert Montgomery, Esq. and alleges the following against Wells Fargo Bank, N.A., as trustee for the registered Holders of Credit Suisse First Boston Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 2007-C-5, ("Defendant").

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 47 U.S.C § 227(g)(2), and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Wells Fargo conducts business in the State of Idaho and therefore, personal jurisdiction is established.

4. Venue in this District is proper pursuant to 47 U.S.C § 227(e)(6)(E)(i), which incorporates by reference 28 U.S.C § 1391, of which the following subsections apply: (b)(2), because a substantial part of the events giving rise to the claim arose in Idaho, and (c)(1), because Plaintiff is a resident of the state of Idaho.

5. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6. Plaintiff is a natural person residing in Ketchum, Idaho.

7. Plaintiff is both a "person" and "called party" as those terms are used or defined in 47 U.S.C § 227.

8. Wells Fargo is a South Dakota Corporation doing business in Idaho and for whom a principal purpose of its business is the collection of debts.

9. Wells Fargo is properly referred to as both a "person" and a "caller" as those terms are used or defined in 47 U.S.C § 227.

## STATEMENT OF FACTS

10. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1 through 8 inclusive, above.

11. On one or more occasions, Wells Fargo contacted or attempted to contact the Plaintiff's cellular telephone service an automatic telephone dialing system, artificial or pre-recorded voice.

12. Plaintiff does not have an established business relationship with the Plaintiff.

13. Plaintiff did not have the prior express consent of the Plaintiff before making the calls described in paragraph 11 above.

14. Plaintiff has been required to retain the services of an attorney to prosecute this action.

## CLAIM FOR RELIEF

## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

15. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1 through 14 inclusive, above.

16. Section 227(b)(3)(A) of the TCPA authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation."

17. Section 227(b)(3)(B), of the Act authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action to recover for actual monetary loss from such a violation, or to received $500 in damages for each such violation, whichever is greater."

18. Despite the fact that Plaintiff never consented to Wells Fargo making calls to his cellular telephone, and repeatedly placed non-emergency calls to Plaintiff's cellular telephone without Plaintiff's consent.

19. The Act also authorizes the Court, in its discretion, to award up to three (3) times the actual damages sustained for violations.

20. Here, upon information and belief, Wells Fargo repeatedly and regularly placed non-emergency, automated calls to Plaintiff's cellular telephone between May 1, 2010 and December 31, 2011.

21. Wells Fargo did not have Plaintiff's express consent prior to contacting on his cellular telephone using an automatic telephone dialing system, pre-recorded or artificial voice.

22. Wells Fargo's conduct violated § 227(b)(1)(A)(iii) of the TCPA by making any call using any automatic telephone dialing system or an artificial prerecorded voice to a telephone number assigned to a cellular telephone service.

///

WHEREFORE, Plaintiff, Rod Kegley, respectfully prays for a judgment as follows:

a. Damages in the sum of $150,000.00;

b. Statutory damages;

c. Reasonable attorney's fees and costs; and

d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, Rod Kegley, demands a trial by jury in this case.

RESPECTFULLY SUBMITTED,

DATED: April 28, 2014.

ROBERT C. MONTGOMERY, CHTD.

*/s/ Robert C. Montgomery, Esq*

Robert C. Montgomery
2160 S. Twin Rapid Way
Boise, ID 83709
(208) 322-8865
(208) 322-8395 Fax
bmontgomerylaw@gmail.com
Attorney for Plaintiff